IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

OREGON NATURAL DESERT ASSOCIATION,

        Plaintiff,

   v.

BUREAU OF LAND MANAGEMENT,
THOMAS E. RASMUSSEN, Field Manager,
Lakeview Resource Area, and CAROL
BENKOSKY, District Manager, Lakeview District
BLM,

        Defendants,

   v.

LAIRD RANCH, LLC,

        Proposed- Intervenor
        Defendants.

No. 2:10-CV-1331-SU

OPINION AND ORDER

///
///
///
PETER M. LACY ("Mac")

1 - OPINION AND ORDER

Oregon Natural Desert Association
917 SW Oak Street, Suite 408
Portland, OR  97205

DAVID H. BECKER
Law Office of David H. Becker, LLC
917 SW Oak Street, Suite 409
Portland, OR  97205

    Attorneys for Plaintiff

STEPHEN J. ODELL
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-1024

    Attorney for Defendants

ELIZABETH E. HOWARD
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Ave, Ste. 1500
Portland, OR 97204-1357

DOMINIC M. CAROLLO
Dunn Carney Allen Higgins & Tongue LLP
851 SW 6th Avenue, Suite 1500
Portland, OR 97204

    Attorneys for Intervenor Defendant

**OPINION AND ORDER**

**SULLIVAN, Magistrate Judge,**

///
///
///
///

## I.  INTRODUCTION

2 - OPINION AND ORDER

Oregon Natural Desert Association ("Plaintiff" or "ONDA") has filed this litigation against the Bureau of Land Management ("BLM") seeking, *inter alia*, injunctive relief from the BLM's proposed action related to the treatment of rangeland in the Juniper Mountain Allotment, including Horseshoe Pasture. Laird Ranch, LLC ("Laird Ranch") seeks to intervene in this case as a defendant, in an effort to "protect its ability to graze and manage livestock on the Juniper Mountain Allotment. Mem. In Supp. of Mot. to Intervene (Docket #20, p. 2). Laird Ranch has a valid grazing permit issued by the BLM in 1996, authorizing Laird Ranch rights to graze cattle on pastures within the Juniper Mountain Allotment. Decl. Jesse Laird, ¶2 (Docket #21)("Laird Decl.").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) requires a court, upon timely motion, to permit intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." When analyzing a motion to intervene of right under Rule 24(a)(2), we apply the following four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (citing *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)) (internal citations omitted).

3 - OPINION AND ORDER

### III.  DISCUSSION

In *Wilderness Society v. U.S. Forest Service*, the Ninth Circuit recently rejected the longstanding "federal defendant" rule regarding cases arising under NEPA in favor of the "normal" standards applied in other cases seeking intervention of right.  *Wilderness Soc.*, 630 F.3d at 1180-81.[1]  In evaluating whether the requirements of Rule 24(a)(2) are met, courts "are guided primarily by practical and equitable considerations."  *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (internal quotation marks omitted).  There is a liberal policy in favor of intervention.  *Id.*  Such a liberal policy "serves both efficient resolution of issues and broadened access to the courts."  *Wilderness Soc.*, 630 F.3d at 1179.  "By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time we allow an additional interested party to express its views before the court."  *City of Los Angeles*, 288 F.3d at 398.  Defendant does not object to Laird Ranch's intervention and plaintiff concedes this motion is timely, therefore only the remaining three elements of the test will be discussed below.

///
///
///
///

**A.  Laird Ranch Has a Significant Protectable Interest Related to the Subject Matter of this Litigation**

---

[1] Other courts in the Ninth Circuit have applied the recently stated rules.  *See Western Watershed Project v. U.S. Fish and Wildlife Service*, 2011 WL 2690430 (D. Idaho July 9,2011); *Wildlands CPR Inc. v. United States Forest Service*, 2011 WL 578696 (D. Mont. February 9, 2011).

The Ninth Circuit has held that a prospective intervenor's asserted interest need not be protected by the statute under which the litigation is brought to qualify as "significantly protectable" under Rule 24(a)(2). *Wilderness Soc.*, 630 F.3d at 1179; *see also Sierra Club*, 995 F.2d at 1481, 1484. Rather, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id*. at 1484; *see also Oregon Natural Desert Assoc. v. Bureau of Land Mgmt*., 2010 WL 774037 *1 (D. Or. 2010) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)) (internal citations omitted); and *Wilderness Soc.*, 630 F.3d at 1179. Rule 24(a)(2) does not require a specific legal or equitable interest, but rather, "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Wilderness Soc*., 630 F.3d at 1179 (citing *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980)) (internal citations omitted).

Laird Ranch's grazing permit provides a right to graze its cattle on pastures within the Juniper Mountain Allotment, and to make improvements to that area. Laird Decl. ¶¶ 4-6. The grazing permit was issued pursuant to 43 C.F.R. § § 4130.3-2(b), 4130.3-3. Mem in Supp. of Mot. Intervene, at 11. As such, the grazing rights are protected by law, although not the same statute under which this litigation is brought. Laird Ranch has shown a clear relationship between its protected interest in asserting its grazing rights under its permit and the claims at issue. Plaintiff in this case seeks to have the decision and findings of the BLM reviewed and possibly reversed, as well as seeks injunctive relief to halt or delay BLM's proposed action in the interim. *Id.* Any decision by this court will affect the ability of Laird Ranch to utilize its grazing

permit in the Juniper Mountain Allotment. Therefore, Laird Ranch has shown a significantly protectable interest related to the subject matter of this litigation.

## B. Disposition of this Matter, May, As a Practical Matter, Impaired or Impede Laird Ranch's Ability to Protect its Interests

A prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 1006); *see also Wilderness Soc.*, 630 F.3d at 1179. The requisite interest need not even be direct so long as it may be impaired by the outcome of the litigation. *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 135–36 (1967).

According to Laird Ranch, if Plaintiff is successful in this litigation and obtains the relief sought, the BLM may be forced to set aside, delay or enjoin the BLM's decision, and possibly take action which would cause Laird Ranch's grazing rights on the Juniper Mountain Allotment to be revoked in whole, or in part. Reply in Supp. of Mot. to Intervene (Docket #27, p. 5). Such a decision, as a practical matter, would impair Laird Ranch's ability to graze their cattle pursuant to the terms of their permit and grazing schedule, currently set for 2012, which was approved by the BLM. *Id*. at 6-8. Consequently, the "practical impairment" requirement for intervention is also satisfied.

///
///
///

## C. Existing Parties May Not Adequately Protect Laird Ranch's Interests

To determine whether a proposed intervenor's interests are adequately represented, the following factors are considered:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any such necessary elements to the proceedings that such other parties would neglect.

*City of Los Angeles*, 288 F.3d at 398 (citations omitted).

The burden of showing that existing parties may inadequately represent Laird Ranch's interests is a minimal one. As noted by the Supreme Court, all the applicant needs to do is show that "the representation of [its] interest [by existing parties] may be inadequate." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538, 92 S.Ct. 630, 30 L.Ed2d 686 (1972) (internal citations omitted).

Laird Ranch's interests are much more specific than that of the BLM. Laird Ranch has a private interest in its ability to keep its grazing permit, and the grazing rights that originally corresponded to the permit, in tact "so as to carry out a viable business in a remote area of Southeastern Oregon." Reply in Supp. to Mot. to Intervene (Docket #27, p. 12). The BLM's interest is much broader. Its primary goal in this regard is to represent the public interest to protect rangeland and health pursuant to "broad statutory and regulatory duties and policies." *Id.* That interest is not necessarily the same as protecting an individual grazing right. Laird Ranch and the BLM do not share the same interests, and as a result this requirement is satisfied.

///
///
///

## IV. ORDER

7 - OPINION AND ORDER

Laird Ranch has satisfied all of the requirements for intervention as set forth above, and is entitled to intervene as a matter of right. As a result, the motion to intervene is GRANTED pursuant to Rule 24(a)(2). Because this Court finds that intervention as a matter of right is indicated, it shall not address the alternative argument that permissive intervention is also proper.

DATED this 5th day of August, 2011.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge

8 - OPINION AND ORDER