IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**OREGON NATURAL DESERT ASSOCIATION**,

Plaintiff,

v.

**BUREAU OF LAND MANAGEMENT; THOMAS E. RASMUSSEN**, Field Manager for Lakeview Resource Area; and CAROL BENKOSKY, District Manager for Lakeview District Bureau of Land Management,

Defendants,

v.

**LAIRD RANCH, LLC**,

Defendant-Intervenor.

No. 2:10-CV-01331-SU

OPINION AND ORDER

**MOSMAN, J.**,

On March 17, 2014, Magistrate Judge Sullivan issued her Findings and Recommendation ("F&R") [140] in the above-captioned case, recommending that I grant the Bureau of Land Management's ("BLM") and Laird Ranch's ("Laird") motions for summary judgment [39, 40] and deny Oregon Natural Desert Association's ("ONDA") motion for summary judgment [35]. Upon review, I agree with Judge Sullivan's finding that this court lacks jurisdiction to hear the case, and I adopt Judge Sullivan's F&R as my own opinion. Absent jurisdiction, I am unable to reach the merits of the case. I write further to address ONDA's objections regarding exhaustion of its administrative remedies and the timeliness of its appeal.

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. I am not bound by the recommendations of the magistrate judge; instead, I retain responsibility for making the final determination. I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an objection is made. 28 U.S.C. § 636(b)(1). However, I am not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether objections have been filed, in either case I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1).

**I. Exhaustion of Administrative Remedies**

Any interested individual can challenge a BLM decision by filing an appeal with the Department of the Interior's Office of Hearing and Appeals ("OHA") "within 15 days of receipt of such decision." 43 C.F.R. § 4160.2. ONDA challenged BLM's decision to adopt the Juniper Mountain Environmental Assessment ("EA") and the corresponding Findings of No Significant Impact ("FONSI") by filing such an appeal with OHA. F&R [140] at 19. ONDA also petitioned OHA to grant a stay that would prevent BLM from implementing its decision while ONDA's administrative appeal was pending. *Id.* On the same day ONDA filed its complaint with this court, OHA issued the stay ONDA requested. Pl.'s Ex. A [132]. ONDA then voluntarily dismissed its administrative appeal and proceeded to seek relief only with this court. F&R [140] at 21.

Judge Sullivan concluded ONDA's claim was premature because ONDA failed to first exhaust its administrative remedies. *Id.* ONDA argues an exception to the exhaustion requirement applies in this case because exhaustion would be ineffective: OHA could render BLM's decision "inoperative in name only, while in fact implementing an unreviewed decision." Pl.'s Obj. [144] at 10, citing *Idaho Watersheds Project v. Hahn,* 307 F.3d 815, 827 (9th Cir. 2002), *abrogated on other grounds by Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139 (2010). Under such circumstances, litigants are not required to exhaust their administrative remedies before seeking relief in court. *Hahn*, 307 F.3d at 827–28. ONDA believes the *Hahn* exception applies here because OHA stayed implementation of the EA and FONSI, which did nothing to alter the fact that grazing would continue on Juniper Mountain. Because ONDA also sought a stay from grazing itself, ONDA argues OHA's stay granted it only partial relief. Pl.'s Obj. [144] at 10. In its view, obtaining only partial relief means OHA rendered BLM's decision "inoperative in name only," such that under *Hahn*, ONDA need not pursue its administrative appeal any further. *Id.* at 14.

ONDA is correct when it argues OHA's stay granted it only partial relief. Under the stay, BLM cannot erect the fence on Juniper Mountain the EA and FONSI propose, yet grazing may continue. However, ONDA's claims circumscribe the *Hahn* analysis, not the relief ONDA seeks. ONDA challenged the EA and FONSI. It did not challenge the underlying Resource Management Plan with which the EA and FONSI must comply and which allows grazing on Juniper Mountain generally. Neither did it challenge the permit allowing Defendant Laird to graze his livestock on Juniper Mountain specifically. These challenges had the potential to prevent grazing; the challenge to the EA and FONSI did not.

While OHA did not grant ONDA the complete relief it sought, it granted ONDA the complete relief ONDA's claims invoked. ONDA's challenge to the EA and FONSI only allowed OHA to stay the EA and FONSI, and it did so. Therefore I agree with Judge Sullivan that the *Hahn* exception does not apply and ONDA was obligated to exhaust its administrative remedies before seeking review in this court. By voluntarily dismissing its OHA appeal, ONDA failed to exhaust its administrative remedies and this court therefore lacks jurisdiction to hear its claim.

**II. Timeliness of ONDA's Appeal**

ONDA next argues that even if exhaustion was necessary, it did so because OHA failed to grant the stay within the required timeframe. Pl.'s Obj. [144] at 16. Under OHA's regulations, if OHA fails to act "within 45 days after the expiration of the time for filing a notice of appeal," a BLM decision becomes a final, appealable agency action. 43 C.F.R. § 4.472(d). ONDA and BLM calculate this forty-five day period differently. Both parties agree an interested individual must challenge a BLM decision "within 15 days of receipt of such decision." 43 C.F.R. § 4160.2. Because interested individuals may receive notice of the decision on different days, their fifteen-day appeals periods will end on different days. F&R [140] at 20. Since the end of the appeals period begins OHA's forty-five day timeline to act, OHA's forty-five days will expire on different days as well, finalizing BLM's decision by default if it fails to act.

Thus ONDA argues, and BLM disagrees, that a BLM decision could be considered final on different days for different individuals, depending on their original date of receipt. Pl.'s Obj. [144] at 16. This matters to ONDA because OHA granted ONDA's stay approximately forty-eight days after ONDA's appeals period ended. Pl.'s Ex. A [132]. Therefore ONDA argues BLM's decision became final with respect to ONDA on day forty-five, allowing it to move

forward with its action in court. *Id*. Correspondingly, BLM's decision could become final for another individual on a different date if he or she received BLM's decision at a different time. *Id.*

BLM argued this interpretation undermines the notions of finality upon which the exhaustion doctrine rests, and Judge Sullivan agreed. F&R [140] at 19. *See also Columbia Riverkeeper v. LNG*, No. 12-73385, at *16 (9th Cir. Aug. 5, 2014); *Bennett v. Spear*, 520 U.S. 154, 178 (1997). I also agree. Furthermore, another reasonable interpretation of these regulations exists. Rather than calculating a finality date with respect to each individual appellant, BLM calculates the finality date for all individuals with respect to the last person to receive notice of the decision. F&R [140] at 20. Under this interpretation, only one finality date is possible because only one person can be last. This is consistent with the language of the regulation when it states "[i]n the absence of a protest, the proposed decision will become the final decision[.]" 43 C.F.R. § 4160.3(a).

And while ONDA correctly argues the date of finality is tied to an uncertain date—the date the last individual receives notice—this uncertainty fails to rise to the level of a due process violation as ONDA suggests. Pl.'s Obj. [144] at 17. Due process entitles an individual only to "notice reasonably calculated, under all the circumstances[.]" *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). ONDA does not suggest that it failed to receive notice, reasonably calculated, under all the circumstances in this case. Whether other circumstances could produce the absurd result ONDA projects is inapposite to the matter before this court. *See* Pl.'s Obj. [144] at 16.

Therefore OHA must calculate the date BLM's decision became final with respect to Mr. Majors, who received BLM's decision last—eight days after ONDA received it. F&R [140] at

19; Pl.'s Ex. A [132]. Because OHA acted within forty-five days of the expiration of Mr. Major's appeals period, yet not ONDA's, OHA's action was timely with respect to all interested individuals. *Id.* As a result, ONDA filed its complaint before BLM's decision became final, precluding it from district court review.

**CONCLUSION**

Defendants' motions for summary judgment [39, 40] are therefore GRANTED and Plaintiff's motion for summary judgment [35] is DENIED for the reasons outlined herein. The parties' evidentiary objections [119, 124, 126, 135] are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 29th day of September, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge